IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM THOMAS BARNES, )
)
Petitioner, )
)
v. ) 1:13CV337
)
DUANE TERRELL, )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has failed to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). Petitioner reports that he raised his claims in an MAR to the trial court, and then raised them in the North Carolina Supreme Court, but it does not appear that he filed a petition for certiorari, as is required for exhaustion, with the North Carolina Court of Appeals.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner promptly filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted after he has exhausted his state court remedies.  To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

Petitioner has also filed a Motion to Appoint Counsel [Doc. #2].  In considering this request, the Court notes first that there is no constitutional right to appointed counsel in a habeas case.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013)  ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (concluding that petitioners have "no constitutional right to an attorney during [a] federal habeas proceeding" under § 2254). Under 28 U.S.C. § 2254 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2).  Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held.  See Rules 6(a) and 8(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts.  Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not find that

-2-

Case 1:13-cv-00337-JAB-JEP   Document 3   Filed 07/23/13   Page 2 of 3

appointment of counsel is required by the interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied. Should the Court later determine upon any refiling that discovery or an evidentiary hearing is necessary, or that the interests of justice otherwise require, the Court will appoint counsel at that time.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that Petitioner's Motion to Appoint Counsel [Doc. #2] is DENIED.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition after he has exhausted his state court remedies.

This, the 23rd day of July, 2013.

                                              /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge